[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13947
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-00130-WSD-RGV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONARDO JUAN ALCOSER-LOPEZ,
a.k.a. Leonardo Alcoser,
a.k.a. Leonardo Lopez,
a.k.a. Leonardo Arnulfo Alcoser,
a.k.a. Leonardo Alcacer,
a.k.a. Juan Alcoser,
a.k.a. Juan Carlos Alcoser,
a.k.a. Juan Carlos Leobardo Alcoser,
a.k.a. Juan Lebardo Alcoser,
a.k.a. Juan Leobardo Alcoser,
a.k.a. Juan Leovardo Alcoser,
a.k.a. Leonel Arnulfo Amendares,
a.k.a. Leonel Enurfo Amendares,
a.k.a. Leobardo Juan Carlos,
a.k.a. Leonel Hernendez Gonzalez,
a.k.a. Leonardo Martinez,
a.k.a. Leonardo Juan Martinez,
a.k.a. Daniel Cruz Perez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 29, 2018)

Before JORDAN, JULIE CARNES, and HULL, Circuit Judges.

PER CURIAM:

Defendant appeals his 78-month sentence, imposed following his guilty plea

to illegal reentry by a previously deported alien, in violation of 8 U.S.C. § 1326(a)

and (b)(2).  On appeal, Defendant challenges the substantive reasonableness of his

sentence.  After careful review, we affirm.

## I.    BACKGROUND

Defendant, a native and citizen of Mexico, was convicted in California in

July 2006 on charges of second-degree robbery, second-degree commercial

burglary, and grand theft.  He was sentenced to 180 days' imprisonment and

3 years of probation as to the robbery and 90 days' imprisonment and 3 years of

probation as to the burglary and theft offenses.  Upon completion of his sentences,

he was removed to Mexico on February 7, 2007.

Within one month after his removal, he unlawfully reentered the country:  a

fact we know because Defendant was arrested in California on a probation

2

violation warrant based on the above robbery offense and was sentenced to 90 days' imprisonment.  He was removed to Mexico for a second time on May 31, 2007.  He returned again to the United States, and his probation was once again revoked on January 17, 2008.  This time he was sentenced to two years' imprisonment.

Then, in November 2009, Defendant was arrested in California and later pled guilty to possession of a controlled substance and false identification to peace officers.  Upon completion of a two-year imprisonment sentence, Defendant was removed for a third time to Mexico in July 2011.

Defendant again unlawfully returned to the United States and, in August 2016, he was arrested in Georgia on charges of simple assault and terroristic threats.  After being transferred to the custody of Immigration and Customs Enforcement, Defendant was eventually charged in the present case with illegal reentry by a previously deported alien, in violation of 8 U.S.C. § 1326(a) and (b)(2).  He pled guilty without the benefit of a plea agreement.

Applying the 2016 Guidelines, the Presentence Investigation Report (PSR) assigned Defendant a base offense level of 8 pursuant to U.S.S.G. § 2L1.2. Defendant received an 8-level enhancement under § 2L1.2(b)(2)(B) because, before he was ordered removed from the United States for the first time, he had sustained a felony conviction for which the sentence imposed was two years or

more.  Specifically, the PSR stated that the sentence imposed for the robbery offense totaled more than two years with the inclusion of the imprisonment terms imposed following probation revocation for that offense.[1]  Defendant also received an 8-level enhancement under § 2L1.2(b)(3)(B) because he engaged in criminal conduct that resulted in a conviction for a felony offense for which the sentence imposed was two years or more after he was ordered removed from the United States.  With a 3-level reduction for acceptance of responsibility, his total offense level was 21.  Defendant was assigned 11 criminal history points, resulting in a criminal history category V.  Based on a total offense level of 21 and a criminal history category of V, Defendant's guideline range was 70 to 87 months' imprisonment.

At the sentencing hearing, the district court confirmed that the guideline range was 70 to 87 months' imprisonment.  Defendant requested a downward variance, asserting that the 8-level enhancement under § 2L1.2(b)(2)(B) overrepresented the seriousness of his robbery conviction because he only received a six-month imprisonment sentence for that offense.  Specifically, he asserted that the enhancement applied not because of the original six-month sentence but because of the additional terms of imprisonment he received after his probation was revoked, all of which totaled more than two years' imprisonment.

---

[1]  For purposes of § 2L1.2, the term sentence imposed "includes any term of imprisonment given upon revocation of probation, parole, or supervised release."  U.S.S.G. § 2L1.2, comment. (n.2).

The Government recommended an 85-month sentence, emphasizing Defendant's extensive criminal history and the fact that although he had been deported several times, he had repeatedly flouted the law by returning to the United States. After considering the 18 U.S.C. § 3553(a) factors, the district court sentenced Defendant to 78 months' imprisonment. Defendant objected to the substantive reasonableness of the sentence and this appeal followed.

## II.    DISCUSSION

Using a two-step process, we review the reasonableness of a district court's sentence for abuse of discretion. *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014). First, we determine whether a sentence is procedurally reasonable. *Id.* After determining that a sentence is procedurally sound, we then examine whether the sentence is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors.[2] *Id.* The party challenging the sentence bears the burden of showing that it is unreasonable. *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008).

---

[2] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed education or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

Defendant has not met his burden of showing that his sentence is substantively unreasonable. For starters, his 78-month sentence was within the guideline range of 70 to 87 months' imprisonment. "Although we do not automatically presume a sentence within the guidelines range is reasonable, we ordinarily expect a sentence within the Guidelines range to be reasonable." *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (quotations omitted) (alteration accepted). Defendant's sentence is also well below the statutory maximum of 20 years' imprisonment. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (stating that a sentence below the statutory maximum is an indicator of reasonableness).

Moreover, Defendant's 78-month sentence was supported by several § 3553(a) factors. As noted by the district court, the 78-month sentence was necessary to promote respect for the law and to provide specific and general deterrence. Indeed, the district court noted that Defendant had not only illegally entered the United States several times after being deported, but he had also committed crimes that posed a danger to society when he returned. The court emphasized that a sentence of incarceration would force Defendant to comply with the law and would specifically deter him from illegally returning to the United States again. The court further noted the importance of imposing a sentence that took into account Defendant's history and characteristics.

6

The record reveals no clear error of judgment by the district court in its weighing of the § 3553(a) factors, nor does the record indicate that the court imposed an unreasonable sentence. *See United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010). We are also not persuaded by Defendant's argument that the district court abused its discretion by not granting a downward variance based on Application Note 5 to § 2L1.2 of the Guidelines. Defendant received an 8-level enhancement under § 2L1.2(b)(2)(B) because he had a prior felony conviction for robbery for which the sentence imposed was more than 2 years. *See* U.S.S.G. § 2L1.2(b)(2)(B). Defendant does not argue that the enhancement was incorrectly applied. Instead, he asserts that the district court should have varied downward based on Application Note 5 because the enhancement overstates the seriousness of the robbery offense.[3]

Application Note 5 to U.S.S.G. § 2L1.2 provides that:

There may be cases in which the offense level provided by an enhancement in subsection (b)(2) and (b)(3) substantially understates or overstates the seriousness of the conduct underlying the prior offense, because (A) the length of the sentence imposed does not reflect the seriousness of the prior offense; . . . or (C) the time actually served was substantially less than the length of the sentence imposed for the prior offense. In such a case, a departure may be warranted.

---

[3] As Defendant concedes, Application Note 5 refers to the imposition of a departure, not a variance, when the enhancement overstates the underlying conduct of the offense. *See* U.S.S.G. § 2L1.2, comment. (n.5). Defendant does not argue that the district court abused its discretion by not granting a departure, nor would we have jurisdiction to review such a determination if he had made that argument. *See United States v. Pressley*, 345 F.3d 1205, 1209 (11th Cir. 2003) (explaining that we lack jurisdiction to review the district court's discretionary decision not to depart under the Sentencing Guidelines).

U.S.S.G. § 2L1.2, comment. (n.5).

Here, the district court considered Defendant's argument concerning Application Note 5, but rejected it. Indeed, the court acknowledged Defendant's original six-month sentence for robbery, but suggested that the application note did not take into account circumstances such as those presented here. That is, Defendant had failed to abide by the terms of his probation after completing an imprisonment sentence. The court further characterized as "egregious" the fact that Defendant violated his probation twice after being deported to Mexico, and noted that the short sentence Defendant received for the robbery offense did not deter him from committing further criminal conduct.

Although Defendant's original sentence for robbery may have only been six months' imprisonment, the two-year imprisonment sentence imposed following his second probation revocation reflects the serious nature of Defendant's failure to conform his actions to the law. We conclude that the district court did not abuse its discretion by declining to vary downward from the guideline range. *See United States v. Willis*, 560 F.3d 1246, 1251 (11th Cir. 2009) (reviewing for reasonableness the denial of defendant's request for a variance).

Based on the above reasons, Defendant has not met his burden of showing that his 78-month sentence was substantively unreasonable.

**AFFIRMED.**

8